

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-09-337-CV**

CITY OF WICHITA FALLS                                          APPELLANT

V.

ALFRED JENKINS, SHEILA                                          APPELLEES
CALHOUN, AND SUMMER
CALHOUN

------------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

## OPINION

------------

The City of Wichita Falls appeals from the trial court's order denying its plea to the jurisdiction in this Texas Tort Claims Act (TTCA) case involving a City automobile. In two issues, the City contends that it did not have either actual or formal notice of appellees' injuries within forty-five days after the accident as required by the TTCA. Because we hold that the City did receive the required statutory notice, as well as actual notice, we affirm.

## Procedural Background

Appellees Alfred Jenkins, Sheila Calhoun, and Summer Calhoun sued the City on July 16, 2009, alleging that on May 8, 2008, they were involved in an accident with Officer Stephen Becknal, who was driving a City-owned vehicle. According to appellees, Summer, the driver, and Alfred and Sheila, the passengers, were in a car that was stopped at a red light with Officer Becknal's vehicle behind them. They alleged that "[s]uddenly and without warning, [Officer] Becknal began to accelerate striking" appellees' vehicle. They further alleged that Officer Becknal was acting within the course and scope of his employment with the City.

The City filed a plea to the jurisdiction contending that appellees did not give the City timely, adequate notice of their injuries as required by the TTCA in that they did not "describe the nature and extent of their injuries." The City claimed that because it did not receive the required notice, it was immune from appellees' suit. The trial court denied the plea after a hearing, and the City filed this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon 2008).

## Standard of Review

Governmental immunity defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction. *See Tex. Dep't of*

*Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004); *Tex. Dep't of Transp. v. Andrews*, 155 S.W.3d 351, 355–56 (Tex. App.—Fort Worth 2004, pet. denied). The trial court must determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case before allowing the litigation to proceed. *Miranda*, 133 S.W.3d at 226.

We review the trial court's ruling on a plea to the jurisdiction based on immunity from suit under a de novo standard of review. *Id*. at 225–26, 228; *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002); *Andrews*, 155 S.W.3d at 355. Whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is a question of law. *Miranda*, 133 S.W.3d at 226.

If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *Miranda*, 133 S.W.3d at 227; *Bland ISD v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000); *Andrews*, 155 S.W.3d at 355. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the factfinder. *Miranda*, 133 S.W.3d at 227–28; *Andrews*, 155 S.W.3d at 355. But if the relevant evidence is undisputed or fails to raise a fact question on the

3

jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Miranda*, 133 S.W.3d at 228; *Andrews*, 155 S.W.3d at 355. This standard generally mirrors that of a traditional summary judgment. *Miranda*, 133 S.W.3d at 228; *see* Tex. R. Civ. P. 166a(c).

Although actual notice is a fact question when the evidence is disputed, in many instances it can be determined as a matter of law. *Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 348 (Tex. 2004). Here, the parties do not dispute the facts presented on the jurisdictional issue, they simply dispute the legal significance of that evidence. Accordingly, we will review the trial court's ruling as a matter of law. *See id*.; *Miranda*, 133 S.W.3d at 226.

### Notice Under TTCA

The TTCA waives a governmental entity's immunity from suit and liability for damage and injury caused by the wrongful act or omission, or negligence, of an employee operating or using a motor vehicle within the scope of employment. Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 2005); *City of San Angelo Fire Dep't v. Hudson*, 179 S.W.3d 695, 699 (Tex. App.—Austin 2005, no pet.). To invoke the TTCA's waiver of sovereign immunity, a claimant must provide the governmental unit with formal, written notice of the claim against it within six months of the incident giving rise to the

4

claim, or within a different lawful period specified in a city charter and ordinance. Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a)–(b) (Vernon 2005); *Nat'l Sports & Spirit, Inc. v. Univ. of N. Tex*., 117 S.W.3d 76, 79 (Tex. App.—Fort Worth 2003, no pet.); *see* Tex. Gov't Code Ann. § 311.034 (Vernon Supp. 2009) (providing that notice is a jurisdictional requirement). The City has provided for a forty-five day notice period. Wichita Falls, Tex., Code of Ordinances ch. 2, art. IX, sec. 2-1091(a) (2006), *available at* http://library.municode.com/index.aspx?clientId = 12090&stateId = 43&state Name = Texas. However, the formal notice requirement does not apply if the governmental unit "has actual notice . . . that the claimant has received some injury, or that the claimant's property has been damaged." Tex. Civ. Prac. & Rem. Code Ann. § 101.101(c); *Nat'l Sports & Spirit*, 117 S.W.3d at 79. The notice must reasonably describe the damage or injury claimed, the time and place of the incident, and the incident. Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a). The purpose of the notice requirement is to ensure prompt reporting of claims so that governmental units may gather information necessary to guard against unfounded claims, settle claims, and prepare for trial. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995); *Nat'l Sports & Spirit*, 117 S.W.3d at 79.

Actual notice to a governmental unit requires knowledge of injury or property damage, the governmental unit's alleged fault producing or contributing to the injury or property damage, and the identity of the parties involved. *Cathey*, 900 S.W.2d at 341; *Nat'l Sports & Spirit*, 117 S.W.3d at 80. To have actual notice, the governmental unit must have the same information it would have had if the claimant had complied with the formal notice requirements. *Nat'l Sports & Spirit*, 117 S.W.3d at 80; *Bourne v. Nueces County Hosp. Dist.*, 749 S.W.2d 630, 632–33 (Tex. App.—Corpus Christi 1988, writ denied). Mere notice that an incident has occurred is not enough to establish actual notice for purposes of the TTCA. *Nat'l Sports & Spirit*, 117 S.W.3d at 80; *see Putthoff v. Ancrum*, 934 S.W.2d 164, 173 (Tex. App.—Fort Worth 1996, writ denied).

Additionally, actual notice may be imputed to the governmental unit only when an agent or representative of the entity charged with a duty to investigate and report to the governmental unit receives the three elements of actual notice outlined in *Cathey*. *Nat'l Sports & Spirit*, 117 S.W.3d at 80; *see Dinh v. Harris County Hosp. Dist.*, 896 S.W.2d 248, 252–53 (Tex. App.—Houston [1st Dist.] 1995, writ dism'd w.o.j.). But governmental entities have actual notice to the extent that a prudent entity could ascertain its potential liability stemming from an incident, either by conducting further investigation or because of its obvious

6

role in contributing to the incident. *Nat'l Sports & Spirit*, 117 S.W.3d at 80; *City of San Angelo v. Smith*, 69 S.W.3d 303, 307 (Tex. App.—Austin 2002, pet. denied).

## Issue on Appeal

In both of its issues, the City contends that appellees did not provide adequate notice of their personal injuries within the forty-five days required by City ordinance because, although they did send a letter indicating that they were going to a doctor for treatment of injuries sustained in the accident, they did not provide in that letter a "reasonable description" of the nature and extent of those injuries.

## Evidence Attached to City's Plea to the Jurisdiction

The City attached to its plea to the jurisdiction an affidavit from Officer Becknal, in which he averred as follows:

> On May 8, 2008, I was involved in an automobile accident at the 800 block of Kell West. The other car involved in the accident had 4 occupants: 2 females, 1 male, and 1 female child. I observed these 4 people directly after the accident, and I did not see anything that led me to believe that they were injured. I spoke to both Sheila Calhoun and Summer Calhoun at the scene of the accident and neither made any statement to me indicating that they were injured.

7

The City also attached an affidavit from Leland Wright, a sergeant with the City's police department who investigated the accident. He averred as follows:

> The only City employees present at the scene of the accident were myself, Steve Becknal and Martha Shaw. Summer Calhoun, Sheila Calhoun, and Alfred Jenkins were involved in the accident. I spoke with each of them and asked if they suffered any injuries. They each stated that they had no injuries. I also was able to observe each of these individuals and saw nothing that would indicate to me that these people were injured. This was a minor accident and no ambulance was requested nor was any one involved in the accident transported to the hospital from the scene of the accident. In the course and scope of my job, I produced a police report based on what I observed. . . . I used the injury code "N" for [appellees]. Injury Code N means NOT INJURED.

The police report attached to Sergeant Wright's affidavit contains the following description of the accident:

> Unit #2 was stopped behind Unit #1 at a red light on Kell W. @ Scott Street. The driver of Unit 2 looked down to adjust his police radio. When the driver of Unit #2 looked back up, the vehicles to his left were proceeding (turning left). Unit #2 proceeded forward, striking its FD to Unit 1's BD.

Sergeant Wright also noted no property damage that required towing of either car and that both were "driven away."

The City attached a third affidavit from its Risk/Safety Manager, Martha Shaw. She averred that she went to the accident scene, that she observed all

8

four occupants of the vehicle that Officer Becknal struck, and that she did not observe anything that led her to believe that they were injured.

Another affidavit attached to the plea is from the City Clerk, Lydia Ozuna. She averred as follows:

> On May 15, 2008, my office received a letter from William E. Hymes of Loncar & Associates. This letter was dated May 13, 2008, and regarded Summer Calhoun, Sheila Calhoun, and Alfred Jenkins. This letter is attached to this affidavit as Attachment 1. This was the only letter my office received regarding [appellees]. This letter does not describe or identify any of the injuries allegedly sustained by [appellees]. This letter does not state where these people reside, nor does it identify monetary damages or the amount for which the lawyer's clients are willing to settle their claims. This letter also does not identify the names and addresses of eyewitnesses to the incident that the clients claim caused the unidentified injuries.

The attached letter identifies appellees as clients and lists the loss date as May 8, 2008. It contains the following:

> Please be advised that this firm has been retained to represent [appellees] with regards to personal injuries and other damages that they sustained in the above-referenced loss. The accident occurred on 5/8/08 at Kell West. Our client was stopped at a red light when Officer Stephen Becknal looked up to see the vehicle in the left lane was turning left, Mr. Becknal then proceeding forward, sticking [sic] our client.

> Our clients are still in the process of receiving medical treatment; upon completion, I will forward documentation of their injury claim to you for consideration.

> . . . .

9

Please acknowledge receipt of this claim. I look forward to working with you towards the resolution of this claim.

In their response to the plea to the jurisdiction, appellees attached a crash report completed by Sergeant Wright on the day of the accident. In response to the question, "IN YOUR OPINION, DID THIS CRASH RESULT IN AT LEAST $1,000.00 DAMAGE TO ANY ONE PERSON'S PROPERTY?," the "YES" box was checked. "NONE" was listed under "DAMAGE TO PROPERTY OTHER THAN VEHICLES." Also attached is an affidavit from Sandie Stewart, who receives all mail delivered to Loncar & Associates at the Wichita Falls office. She averred that the office received a letter on May 29, 2008 from Shaw; a copy of the letter was attached. The caption identifies a claim number, the date of loss as 5-8-08, the type of loss as "Vehicle," and the amount of claim as $4,040.17. The letter reads as follows:

> We have completed our investigation of the facts related to the incident and will agree to honor your claim in the amount of $4,040.17.
>
> I have requested a check from our accounting department in the amount of $4,040.17 made payable to you. Please stop by our office any time before 4:00 p.m. on or after June 02, 2008, and by signing a release of claim, secure the check. . . .

**Analysis**

The May 13, 2008 letter from appellees' attorney states that appellees sustained "personal injuries and other damages" in the accident. It also

10

describes the accident and names each appellee. This is sufficient notice of the elements required in section 101.101(a). *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a); *Harris County v. Luna-Prudencio*, 294 S.W.3d 690, 698–99 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *Bosler v. Riddle*, No. 07-05-00283-CV, 2007 WL 686645, at *3–4 (Tex. App.—Amarillo Mar. 7, 2007, pet. denied) (mem. op.) (on reh'g). The City contends that a more detailed description of the nature and extent of appellees' injuries is required to put it on notice but does not provide any authority requiring more than what appellees provided. According to the City, mere notice that a person has sustained a personal injury is not enough; it needs more information about the injury to properly triage and prioritize claims. But that is not the purpose of the notice requirement; all that is required is enough information for the City to investigate for the purpose of guarding against unfounded claims, settle claims, and prepare for trial. The letter has enough information to allow the City to effect this purpose. *See Richardson v. Allen*, No. 05-96-00018-CV, 1997 WL 242812, at *3 (Tex. App.—Dallas May 13, 1997, no pet.) (not designated for publication) (holding that "there is no requirement that a claimant describe in full medical detail the nature and extent of her injury"); Black's Law Dictionary 856–57 (9th ed. 2009) (defining personal injury, in a negligence action, as "any

harm caused to a person, such as a broken bone, a cut, or a bruise; bodily injury" and defining bodily injury as "[p]hysical damage to a person's body").

The City cites *Casanover v. Tomball Regional Hospital Authority* in support of its position that a letter referencing only "injuries" is insufficient to provide notice under section 101.101(a). No. 01-04-00136-CV, 2006 WL 23407, at *3 (Tex. App.—Houston [1st Dist.] Jan. 5, 2006, no pet.) (mem. op.). But in that case, a patient had been to the hospital on March 22, 2001 for kidney dialysis, had fallen and injured her hip while leaving that same day, was admitted for surgery due to her injuries, was placed in a gurney in the emergency room overnight, and then died the next day from a "sudden cardiac death." *Id*. at *1. Three days after the patient died, counsel for the appellants (her family and estate) sent two letters to the hospital informing it that he was representing the appellants for "injuries sustained" on or about March 23, 2001. *Id*. at *3. The first letter requested the patient's medical records, and the second letter requested the patient's billing records. *Id*. Attached to the first letter was a blank medical records affidavit, and attached to the second letter was a blank hospital bill affidavit to be signed by the hospital's records custodian. *Id*. The court of appeals held that these letters were not sufficient statutory notice, not only because they did not reasonably describe the damage or injury claimed—they did not even mention the patient's death—but also

12

because they did not provide any description of the incident or any indication of the hospital's responsibility. *See id*.

In *Casanover*, the patient had suffered more than one injury at the hospital: a hip injury and death. Thus, there were multiple injuries and incidents that occurred there. The letters simply informed the hospital that the appellants had hired an attorney and wanted the patient's medical and billing records. Thus, the letters, in that factual scenario, did nothing more than inform the hospital that an attorney was investigating what had occurred at the hospital. But, here, the May 13, 2008 letter clearly describes the car accident and faults the City's employee, Officer Becknal, for causing it. Moreover, it clearly indicates that the driver and passengers had sustained personal injuries for which they were all receiving medical treatment. We conclude and hold that the May 13, 2008 letter was sufficient to provide the required statutory notice of suit under section 101.101(a). Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a).

Moreover, even if the letter were not sufficient statutory notice, the evidence supports the conclusion that the City had actual notice of appellees' claims. Sergeant Wright's crash report lists Summer's driver's license number and address and notes property damage to vehicles of at least $1,000; his police report provides a detailed description of the incident and contains the

13

names of each occupant of Summer's vehicle. Thus, on the date of the accident, a City representative had notice that a City-owned vehicle was at fault in an accident that caused at least $1,000 of vehicle damage and also knew the identities of all the persons involved in the accident. *See Harris County v. Dillard*, 841 S.W.2d 552, 557–58 (Tex. App.—Houston [1st Dist.] 1992) (holding that accident report can suffice as notice to municipality), *rev'd on other grounds*, 883 S.W.2d 166 (Tex. 1994); *Rosales v. Brazoria County*, 764 S.W.2d 342, 343–45 (Tex. App.—Texarkana 1989, no writ) (same); *City of Galveston v. Shu*, 607 S.W.2d 942, 945–46 (Tex. Civ. App.—Houston [1st Dist.] 1980, no writ) (same). This, too, meets the purpose of the notice requirement of the statute to put the City on notice to investigate, settle, and prepare for trial. That the occupants did not appear to be injured and drove away from the accident, although possibly relevant for trial purposes (subject to an evidentiary determination by the trial judge), does not negate the City's notice that an on-duty officer driving a City-owned vehicle rear-ended the car in front of him, causing visible property damage. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.101(c) (providing that statutory notice requirements do not apply if the governmental unit has actual notice "that the claimant has received some injury, *or* that the claimant's property has been damaged" (emphasis added)). We conclude and hold that the City had actual notice of appellees'

14

claims sufficient to invoke the trial court's jurisdiction over appellees' TTCA suit against the City.

Accordingly, we overrule both of the City's issues.

## Conclusion

Having overruled both of the City's issues, we affirm the trial court's order.

TERRIE LIVINGSTON
JUSTICE

PANEL:  LIVINGSTON, GARDNER, and WALKER, JJ.

DELIVERED:  March 4, 2010

15