

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-13-00160-CV**

SYLVIA MARIE ORTIZ                                                    APPELLANT

V.

PLANO INDEPENDENT SCHOOL                                       APPELLEE
DISTRICT

----------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

----------

# MEMORANDUM OPINION[1]

----------

In a single issue, Sylvia Marie Ortiz appeals the trial court's judgment granting Plano Independent School District's plea to the jurisdiction and dismissing Ortiz's Whistleblower Act retaliation suit.  We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## Background Facts

Ortiz is a teacher in the District. When she worked at Jasper High School, she submitted a grievance against the principal to the District's Executive Director for Human Resources, Tamira Griffin. Griffin denied the grievance.

Ortiz then filed a grievance against Griffin, alleging that she had violated provisions of the Texas Educator's Code of Ethics, as adopted by the District in its Employee Standards of Conduct. While the grievance was pending, Griffin placed Ortiz on administrative leave. The District's school board denied the grievance.

Ortiz then sued the District under the Whistleblower Act, claiming that Griffin had placed her on administrative leave in retaliation for her filing the grievance against Griffin. *See* Tex. Gov't Code Ann. § 554.002 (West 2012). The District filed a plea to the jurisdiction, claiming that the trial court did not have subject matter jurisdiction over the dispute because Ortiz could not show that she made a good faith report of a violation of law to an appropriate law enforcement authority as required by the Whistleblower Act. *Id.* § 554.002(a). The trial court granted the plea to the jurisdiction and dismissed Ortiz's suit.

## Standard of Review

Whether a claimant has pled a claim that would waive a governmental entity's sovereign immunity under the Whistleblower Act is an appropriate issue for a plea to the jurisdiction. *See Canutillo ISD v. Farran*, 409 S.W.3d 653, 655–57 (Tex. 2013). We review the trial court's ruling under a de novo standard of

review.  *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004); *City of Wichita Falls v. Jenkins*, 307 S.W.3d 854, 857 (Tex. App.—Fort Worth 2010, pet. denied).

The plaintiff has the burden of alleging facts that affirmatively establish the trial court's subject matter jurisdiction.  *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Eden Cooper, LP v. City of Arlington*, No. 02-11-00439-CV, 2012 WL 2428481, at *3 (Tex. App.—Fort Worth June 28, 2012, no pet.) (mem. op.).  We construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept the pleadings' factual allegations as true.  *Miranda*, 133 S.W.3d at 226.  Whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is a question of law.  *Miranda*, 133 S.W.3d at 226; *Jenkins*, 307 S.W.3d at 857.

If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do.  *Miranda*, 133 S.W.3d at 227; *Jenkins*, 307 S.W.3d at 857.  If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the factfinder.  *Miranda*, 133 S.W.3d at 227–28; *Jenkins*, 307 S.W.3d at 857.  But if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law.  *Miranda*, 133 S.W.3d at 228; *Jenkins*, 307 S.W.3d at 857.  This standard

3

generally mirrors that of a traditional summary judgment. *Miranda,* 133 S.W.3d at 228; *Jenkins,* 307 S.W.3d at 857; *see* Tex. R. Civ. P. 166a(c).

**Analysis**

In its plea to the jurisdiction, the District contended that Ortiz had failed to, in good faith, report a violation of law to an appropriate law enforcement authority.

Under the Whistleblower Act, a governmental entity qualifies as an "appropriate law enforcement authority" when "the employee in good faith believes [the entity] is authorized to: (1) regulate under or enforce *the law alleged to be violated in the report*; or (2) investigate or prosecute a violation of criminal law." Tex. Gov't Code Ann. § 554.002(b) (emphasis added). For an entity to constitute an appropriate law-enforcement authority under the Act, it must have authority to enforce, investigate, or prosecute violations of the law allegedly violated against third parties outside of the entity itself, or it must have authority to promulgate regulations governing the conduct of such third parties with respect to the law allegedly violated. *Canutillo ISD,* 409 S.W.3d at 655; *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Gentilello,* 398 S.W.3d 680, 686 (Tex. 2013). Authority of the entity to enforce legal requirements or regulate conduct within the entity itself is insufficient to confer law-enforcement authority status. *Canutillo ISD,* 409 S.W.3d at 655; *see also Ysleta ISD v. Franco,* No. 13-0072, 2013 WL 6509471, at *2 (Tex. Dec. 13, 2013) (relying on *Canutillo* and similar recent supreme court cases and noting that evidence did not show that school district

4

had authority to enforce federal Asbestos Hazard Emergency Response Act "beyond overseeing its own internal compliance").

In her response to the plea to the jurisdiction, Ortiz asserted that "the evidence establishes that [she] believed that by reporting Griffin's violation of the [District's] employee standards of conduct through the [District's] grievance process, she was reporting the violation to the entity authorized to enforce the [District's] employee standards of conduct (i.e., the 'law')." She attached an affidavit in which she averred that she believed (1) Griffin had violated the District's Employee Standards of Conduct and (2) utilizing the grievance system was the only avenue through which she could pursue her complaint. She also attached the Employee Standards of Conduct, which contain the following provision regarding whistleblower-type complaints:

> Neither the Board nor any District employee shall unlawfully retaliate against an employee for bringing a concern or complaint. . . .

> Whistleblower complaints shall be filed within the time specified by law and may be made to the Superintendent or designee . . . . Time lines for the employee and the District set out in this policy may be shortened to allow the Board to make a final decision within 60 calendar days of the initiation of the complaint.

Ortiz argues that because the District's school board of trustees enacted the Employee Standards of Conduct, she had an objective, good faith belief that it had the power to enforce those standards. We agree that the evidence presented by Ortiz shows that she had an objective, good faith belief that the board was an appropriate entity to whom she could complain internally about

5

Griffin's actions as a District employee. However, as in the *Canutillo ISD* case, there is no evidence here to show that Ortiz had an objective, good faith belief that the board had the authority to enforce the Employee Standards of Conduct against third parties outside the District or to promulgate regulations that would govern the conduct of such third parties. *See Canutillo ISD*, 409 S.W.3d at 655; *see also Ysleta ISD*, 2013 WL 6509471, at *2.

"[L]odging an internal complaint to an authority whom one understands to be only charged with internal compliance, even including investigating and punishing noncompliance, is jurisdictionally insufficient under the Whistleblower Act." *Gentilello*, 398 S.W.3d at 687. Ortiz's belief that the board was the only entity to whom she could complain about the alleged misconduct of Griffin—a District employee—is consistent only with a belief that the board had the authority to engage in internal discipline for alleged violations of the ethical standards.

Ortiz argues that the board is responsible under the Education Code for governing and managing the public schools within the District and that it enacted the Employee Standards of Conduct pursuant to this authority and duty. *See* Tex. Educ. Code Ann. §§ 11.002, 11.151 (West 2012); *see also Univ. of Houston v. Barth*, 403 S.W.3d 851, 855 (Tex. 2013) (noting that rules enacted by a university pursuant to its enabling statute have the same force as an enactment of the legislature). But the Whistleblower Act requires more than an objective, good faith belief that an entity has the general authority to enact rules and

6

regulations; it requires a good faith, objective belief that the entity is able to promulgate rules and regulations related to the "law" at issue that would govern the conduct of third parties. *See, e.g.*, *Canutillo ISD*, 409 S.W.3d at 655; *Gentilello*, 398 S.W.3d at 685–87; *Barth*, 403 S.W.3d at 857–58 (holding that Barth could not have had objective, good faith belief that parties to whom he reported violations of penal code and unspecified laws regarding government contracts could have enforced those laws or related regulations).

Here, nothing in Ortiz's response to the plea to the jurisdiction shows that the District's board has the authority to enforce the Employee Standards of Conduct against third parties or that it can make rules or regulations extending those standards to third parties outside the District. Indeed, all of the conduct described in the standards is specifically directed at, and applicable to, the educators, employees, and staff within the District. Ortiz fails to explain how the District could enforce the standards, or any rules and regulations promulgated pursuant thereto, against parties outside the District.

Accordingly, applying the appropriate standard of review and applicable supreme court precedent, we conclude and hold that the trial court did not err by granting the District's plea to the jurisdiction and dismissing Ortiz's suit. We overrule her sole issue.

**Conclusion**

Having overruled Ortiz's sole issue, we affirm the trial court's judgment.


TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DELIVERED:  January 2, 2014