

# NUMBER 13-20-00311-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

LA JOYA HOUSING
AUTHORITY ASSOCIATION,                                              Appellant,

v.

JESUS MEDINA,                                                        Appellee.

### On appeal from the County Court at Law No. 6
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Longoria

Appellant La Joya Housing Authority brings this appeal challenging the trial court's denial of its plea to the jurisdiction. Appellant argues that the trial court erred in denying the plea to the jurisdiction because appellant is immune from suit on all claims brought by appellee Jesus Medina and there was no waiver of immunity. We reverse and render.

## I.   BACKGROUND

Appellee resides in an apartment owned and operated by appellant. In his original petition, appellee alleged that in May 2017, he suffered injuries when he slipped on water in his apartment and fell. He stated that the water had been leaking from a faulty air conditioning unit that had been inadequately repaired by appellant. Appellee brought a cause of action under the Texas Tort Claims Act (TTCA) for premises defect, alleging that appellant owned the property and appellee was an invitee as a tenant. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021. Appellee's petition further alleged that appellant knew or reasonably should have known about the faulty air conditioning unit that caused him to fall, owed a duty to ensure the premises did not present a danger to appellee, and breached that duty.

Appellant answered with a general denial and asserted the affirmative defense of governmental immunity, among others. Appellant then filed its plea to the jurisdiction, arguing that appellee could not show waiver of immunity as to the claims against appellant. Appellee filed a response and appellant replied. The trial court held a hearing on appellant's plea to the jurisdiction and ultimately denied it. This interlocutory appeal followed. *See* TEX. GOV'T CODE ANN. § 51.014(a)(8).

## II.   PLEA TO THE JURISDICTION

### A.   Standard of Review

We review the trial court's ruling on a plea to the jurisdiction under a de novo standard of review. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004); *City of Wichita Falls v. Jenkins*, 307 S.W.3d 854, 857 (Tex. App.—Fort Worth

2

2010, pet. denied). The plaintiff has the burden of alleging facts that affirmatively establish the trial court's subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept the pleadings' factual allegations as true. *Miranda*, 133 S.W.3d at 226. Whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is a question of law. *Id*.; *Jenkins*, 307 S.W.3d at 857.

If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *Miranda*, 133 S.W.3d at 227; *Jenkins*, 307 S.W.3d at 857. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the factfinder. *Miranda*, 133 S.W.3d at 227–28; *Jenkins*, 307 S.W.3d at 857. But if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issues, the trial court rules on the plea to the jurisdiction as a matter of law. *Miranda*, 133 S.W.3d at 228; *Jenkins*, 307 S.W.3d at 857. This standard generally mirrors that of a traditional summary judgment. *Miranda*, 133 S.W.3d at 228; *Jenkins*, 307 S.W.3d at 857; *see* TEX. R. CIV. P. 166a(c).

## B.    Immunity

Under Texas law, a trial court does not have subject matter jurisdiction over a claim where a governmental unit has been sued unless there has been consent from the governmental unit. *Miranda*, 133 S.W.3d at 224. The TTCA only waives immunity for governmental units for certain types of negligent conduct. *See* TEX. CIV. PRAC. & REM.

CODE ANN. § 101.021. The Texas Civil Practice and Remedies Code only waives immunity for the following types of conduct:

(1)     property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

   (A)     the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor driven equipment; and

   (B)     the employee would be personally liable to the claimant according to Texas law; and

(2)     personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

*Id.*

Here, appellant is a governmental unit that generally enjoys immunity from suit. *See* TEX. LOC. GOV'T CODE ANN. § 392.006. Accordingly, it was appellee's burden to plead facts which, taken as true, would invoke the trial court's jurisdiction. *See Brenham Hous. Auth. v. Davies,* 158 S.W.3d 53, 58 (Tex. App.—Houston [14th Dist.] 2005, no pet.), *disapproved of on other grounds by Rusk State Hosp. v. Black*, 392 S.W.3d 88 (Tex. 2012).

**C.     Premise Defect**

The TTCA permits suit against governmental units for personal injuries caused by, among other things, the condition of real property, "if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1)–(2) (Vernon 2005), § 101.022; *Perez v. City of Dallas*, 180 S.W.3d 906, 910 (Tex. App.—Dallas 2005, no pet.); *Lamar Univ. v. Doe*, 971 S.W.2d

4

191, 195 (Tex. App.—Beaumont 1998, no pet.). The TTCA also provides that when the condition of real property giving rise to the waiver of immunity is a premises defect, generally a governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property. TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(a). This limitation of duty under § 101.022 does not apply if the claimant pays for the use of the premises. *Id*.; *see also Hous. Auth. of City of Beaumont v. Landrio*, 269 S.W.3d 735, 746 (Tex. App.—Beaumont 2008, pet. denied), *as corrected* (Dec. 1, 2008).

Appellee paid for the use of the apartments. The duty owed here is defined by the relationship of the parties as lessor and lessee, as it would be if the government unit were "a private person." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2); *Davies*, 158 S.W.3d at 59. Generally, with certain exceptions, a lessor's liability for conditions on leased premises ends with transfer of possession and control to the tenant. *See Davies*, 158 S.W.3d at 59. However, if the lessor has contracted to keep the leased property in repair, the lessor may be liable to the tenant, and possibly others on the property with the tenant's consent, for the failure to exercise reasonable care to complete the repair. *See Shell Oil Co. v. Khan*, 138 S.W.3d 288, 297 (Tex. 2004); *Harvey v. Seale*, 362 S.W.2d 310, 312 (Tex. 1962); RESTATEMENT (SECOND) OF PROPERTY: LANDLORD & TENANT § 17.5 (1977). Comment c to Restatement § 17.5 explains:

> The landlord's duty under the rule stated in this section is not merely contractual, although it is founded upon a contract. It is a tort duty. It extends to persons on the leased property with the consent of the tenant, with whom the landlord has made no contract.

*Id*., cmt. c. This "tort duty arises from the lessor's ability to make repairs and his control over them[.]" *Harvey*, 362 S.W.2d at 312; *see also* RESTATEMENT (SECOND) OF TORTS §

5

357 (1965); *Landrio*, 269 S.W.3d 746–47.

Generally, a landlord (lessor) owes no duty to a tenant (lessee) or a tenant's invitees for dangerous conditions on leased property. *Shell Oil*, 138 S.W.3d at 296. "This general rule stems from the notion that a lessor relinquishes possession or occupancy of the premises to the lessee." *Johnson Cty. Sheriff's Posse, Inc. v. Endsley*, 926 S.W.2d 284, 285 (Tex. 1996). There are several exceptions to this general rule, including an exception for injuries caused by defects on the premises that remain under the lessor's control. *Id.* "The relevant inquiry is whether the defendant assumed sufficient control over the part of the premises that presented the alleged danger so that the defendant had the responsibility to remedy it." *County of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002). "Control can be proven by either a contractual agreement expressly assigning the right of control or an actual exercise of control." *Cohen v. Landry's Inc.*, 442 S.W.3d 818, 824 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *see also Dow Chem. Co. v. Bright*, 89 S.W.3d 602, 606 (Tex. 2002).

In his original petition appellee alleged that appellant "had a duty to maintain the floors inside the apartment in a condition that would not pose an unreasonable [risk] of harm, including the area where [appellee] was injured." In appellee's response to appellant's plea to the jurisdiction, he contends that a fact issue exists "as to the responsibility for maintaining the air conditioning unit as it relates to safe, habitable use of the premises by [appellee]." A lessor who retains control over a portion of the leased premises is charged with the duty of ordinary care in maintaining the portion retained so as not to harm the tenant. *Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 515 (Tex. 1978);

6

*Brown v. Frontier Theatres, Inc.*, 369 S.W.2d 299, 303 (Tex. 1963). However, a lessor's contractual right to enter the premises to make repairs and alterations is not a reservation of control over a part of the premises. *Shell Oil*, 138 S.W.3d at 295–97*; De Leon v. Creely*, 972 S.W.2d 808 812–13 (Tex. App.—Corpus Christi–Edinburg 1998, no pet.).

In one sentence in his response to appellant's plea to the jurisdiction, appellee stated: "Evidence of the control by [appellant] of the premises is established via the work orders and contract to the lease the premises." Appellee provided previous work orders for repairs of the air conditioning unit in the apartment that were done by appellant, arguing the work orders established control; however, appellee did not provide any provision in the lease agreement, and we find none, that would confer such responsibility on appellant. It has previously been established that the right to enter and make repairs does not give control over the inside of appellee's apartment to appellant. *See Davies*, 158 S.W.3d at 60. Accordingly, because we find that appellant did not have control over the premises, appellant cannot be held liable in a premises defect claim.

We sustain appellant's sole issue.

### III.    CONCLUSION

We conclude that the trial court erred in denying appellant's plea to the jurisdiction as to appellee's premises defect claim. Therefore, we reverse the trial court's order and render judgment granting the plea to the jurisdiction as to appellee's premises defect claim.

NORA L. LONGORIA
Justice

Delivered and filed on the
7th day of October, 2021.