**ANGLETON DANBURY HOSPITAL DISTRICT d/b/a Angleton Danbury Medical Center, Appellant,**

v.

**Veronica CHAVANA and Oscar Chavana, Appellees.**

**No. 14–03–00393–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 7, 2003.

---

Alfred C. Koenig, Lara Hudgins Hollingsworth, Michael D. Hudgins, Marion Woodrow Kruse, Jr., Houston, J.B. Whittenburg, Beaumont, for appellants.

Christopher J. Lowman, Houston, J. Woodfin Jones, Austin, for appellees.

Panel consists of Justices YATES, EDELMAN, and GUZMAN.

## OPINION

RICHARD H. EDELMAN, Justice.

In this medical malpractice action, Angleton Danbury Hospital District d/b/a Angleton Danbury Medical Center (the "district") appeals the trial court's denial of its plea to the jurisdiction [1] on the ground that Veronica and Oscar Chavana (the "Chavanas") failed to satisfy the notice or tangible personal property requirements of the Texas Tort Claims Act [2] (the "Act"). We affirm.

### Standard of Review

Governmental immunity from suit defeats a trial court's subject matter jurisdiction. *Dallas Area Rapid Transit v. Whitley,* 104 S.W.3d 540, 542 (Tex.2003). Therefore, in a suit against a governmental unit, a plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *Id.*

In ruling on a plea to the jurisdiction based on governmental immunity, a court may consider facts alleged by the plaintiff and evidence relevant to the jurisdictional issue, without regard to whether the claims asserted have merit. *Id.; Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). Therefore, a plea to the jurisdiction does not authorize an inquiry so far into the substance of the claims presented that plaintiffs are required to put on their case simply to establish jurisdiction. *See Bland,* 34 S.W.3d at 554.[3] Whether a determination of subject

---

**1.** *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2003) (allowing appeal from an interlocutory order denying a plea to jurisdiction by a governmental unit).

**2.** *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.001—.109 (Vernon 1997 & Supp. 2003).

**3.** Thus, for example, a plaintiff's allegation of damages in excess of the jurisdictional limits

matter jurisdiction can be made in a preliminary hearing or should await a fuller development of the merits of the case must be left largely to the trial court's discretion. *Id.* A ruling on a plea to the jurisdiction is reviewed for sufficiency of the evidence on fact questions and de novo on questions of law. *ExxonMobil Pipeline Co. v. Harrison Interests, Ltd.,* 93 S.W.3d 188, 192 n. 2 (Tex.App.-Houston [14th Dist.] 2002, pet. filed).

### Grounds for Review

In this case, the Chavanas sued Orlando Morales, M.D., Brazoria County Anesthesia, P.A. (the "anesthesia group"), and the district, alleging that Veronica was injured by being negligently injected with hypertonic saline, rather than a local anaesthetic, in preparation for her cataract surgery. In the plea and on appeal, the district asserts that the Chavanas did not satisfy the jurisdictional requirements for asserting such a claim in two respects.

### *Lack of Notice*

The district first contends that it did not receive formal or actual notice of the claim within the required six month period, as required by the Act.[4] It is undisputed that the district did not receive formal notice, and the district asserts that neither its medical records nor its verbal communications with the Chavanas provided it actual notice that any district employees were potentially culpable in causing the injury.

Actual notice to a governmental unit requires knowledge of: (1) a death, injury, or property damage; (2) the unit's alleged fault producing or contributing to it; and (3) the identity of the parties in-

volved. *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex.1995). The existence of actual notice is a question of fact. *City of Houston v. Daniels,* 66 S.W.3d 420, 424 (Tex. App.-Houston [14th Dist.] 2001, no pet.). Actual notice may be imputed to a governmental unit when its fault is obvious or an agent charged with a duty to investigate and report to the unit receives notice of the three *Cathey* elements. *See Crane County v. Saults,* 101 S.W.3d 764, 769 (Tex.App.-El Paso 2003, no pet.). Thus, an incident that triggers an investigation and accident report will impute such notice where there is evidence to connect the accident to an action or omission by the governmental unit such that it should have known of its potential culpability. *See id.* at 769–70.

In this case, the Chavanas' pleadings and evidence show that the district had notice of Veronica's injury from its medical records and Veronica's verbal communications with its representatives. With regard to the district's knowledge of its potential fault and the identity of the parties involved, the Chavanas' second amended petition alleged, among other things, that: (1) district employees were negligent in providing the syringe containing hypertonic saline to Morales; and (2) Morales and the district nurses discovered the mistake when they retrieved the syringe after observing adverse effects being suffered by Veronica. Morales testified that someone (he could not recall whom) had handed him the syringe, which was labeled to show its contents. On the hospital quality assurance report (the "report") he filled out on the date of the occurrence, Morales not only stated that he incorrectly injected the saline, but listed as the only witnesses to the occurrence two district nurses. Al-

---

suffices to show the amount in controversy, even if damages cannot be proved at all. *Bland,* 34 S.W.3d at 554.

4. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.101(a),(c) (Vernon 1997).

though there was later conflicting testimony regarding whether it was a district (or anesthesia group) nurse who had handed Morales the wrong syringe, Morales testified that the only nurse whom he was sure had been present when the mistake occurred was a district nurse (whom he had listed on the report). The printed portion of the report states that it was to be delivered to the human resources director / risk manager. Handwritten notations on the report also reflect that a further investigation of the incident was conducted.

It can be inferred from this evidence that such an investigation would have put the district on notice of: (1) the contents of the report; (2) Morales's recollection (consistent with his later testimony) that someone had handed him the syringe and that only district nurses were present at that time; and, thus, (3) the district's potential culpability for the accident. Therefore, the foregoing evidence is sufficient to support a finding that actual notice either was received by, or could be imputed to, the district. Moreover, because the disputed fact issue of which nurse, if any, handed Morales the syringe was central to both the jurisdictional and liability issues, it was also within the trial court's discretion to allow a finding on this issue to await a fuller development of the evidence on the merits. *See Bland*, 34 S.W.3d at 554. Accordingly, the district's challenge based on lack of notice does not demonstrate error by the trial court in denying the plea to the jurisdiction and is overruled.[5]

*Use of Tangible Personal Property*

 The district also contends that the Chavanas' injuries did not arise from a use *by it* of tangible personal property, as

required by the Act.[6] That is, although the district has not contested in this proceeding that the syringe used to make the incorrect injection was tangible personal property, it asserts that the persons involved in making the injection did not include any district employees, but only Morales and others employed by the independent anesthesia group of which he was a member. However, based on the allegations and evidence discussed in the preceding section, the evidence was sufficient for the trial court to either reach a contrary conclusion or defer a finding for further development of the evidence. Therefore, the district's challenge based on no use of tangible personal property is overruled, and the judgment of the trial court is affirmed.

---

**5.** Because the existence of actual notice is supported by the evidence, we need not reach the Chavanas' contention that a lack of notice is not a jurisdictional defect in any event.

**6.** *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021.