**Motion for Rehearing Granted in Part and Denied in Part; Reversed and Rendered and Substitute Memorandum Opinion filed October 14, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00229-CV

**THE CITY OF HOUSTON, Appellant**

**V.**

**MICHAEL GANTT, Appellee**

**On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2019-33962**

## M E M O R A N D U M    O P I N I O N

We issued our opinion in this case on August 5, 2021. The City of Houston filed a motion for rehearing raising two issues. In its first issue, the City claims the opinion includes an analysis of evidence that should not have been considered. The City's second issue points out Michael Gantt was incorrectly referred to as appellant. We grant the City's motion for rehearing as to its second issue but deny the motion as to issue one because a motion for rehearing does not afford a party an opportunity

to raise new issues. *See Wentworth v. Meyer*, 839 S.W.2d 766, 778 (Tex. 1992) (Cornyn, J., dissenting). We withdraw our previous opinion, vacate our previous judgment, and issue this substitute opinion and judgment.

This appeal is brought from the denial of a plea to the jurisdiction brought by the City. At issue is whether the trial court lacks subject matter jurisdiction due to the failure of notice required by Texas Civil Practice and Remedies Code section 101.101.[1] For the reasons set forth below, we reverse the trial court's order and render judgment dismissing the case.

## BACKGROUND

Appellee was a pedestrian on Westheimer Road when he was struck by a patrol car driven by Houston Police Department officer Andrew Young. Appellee filed suit against the City. The City filed a plea to the jurisdiction on the ground that Gantt did not comply with the notice requirement of the Texas Tort Claims Act (TTCA). *See* Tex. Civ. Prac. & Rem. Code § 101.101. The trial court denied the plea, giving rise to this interlocutory appeal. *Id.* § 51.014(a)(8). The City argues the trial court erred by denying its plea to the jurisdiction because: (1) appellee failed to provide written notice of his claim; and (2) the City did not have actual notice of appellee's claim.

## STANDARD OF REVIEW

Subject matter jurisdiction is a question of law we review de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When a plea to the jurisdiction challenges the plaintiff's pleadings, we determine whether the pleadings, construed in the plaintiff's favor, allege facts sufficient to affirmatively demonstrate the trial court's jurisdiction to hear the case. *Id.* If the

---

[1] Tex. Civ. Prac. & Rem. Code § 101.101(a), (c).

plaintiff pleaded facts establishing a prima facie case and the governmental unit instead challenges the existence of jurisdictional facts, we consider the relevant evidence submitted. *Id.* When reviewing a plea to the jurisdiction in which the pleading requirement has been met and evidence has been submitted to support the plea that implicates the merits of the case, we take as true all evidence favorable to the plaintiff. *Id.* We indulge every reasonable inference and resolve any doubts in the plaintiff's favor. *Id.*

## APPLICABLE LAW

The City of Houston is entitled to governmental immunity from suit unless that immunity is waived. *See Worsdale v. City of Killeen*, 578 S.W.3d 57, 62 (Tex. 2019) (citing Tex. Civ. Prac. & Rem. Code §§ 101.025, .101). Under the TTCA, a governmental unit is entitled to receive notice of a claim against it "not later than six months after the day that the incident giving rise to the claim occurred." *Id*. § 101.101(a). The Act provides, in pertinent part:

> (a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:
>
> (1) the damage or injury claimed;
>
> (2) the time and place of the incident; and
>
> (3) the incident. . . .
>
> (c) The notice requirements . . . do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.

*Id.* § 101.101(a), (c). Claimants must also comply with any time requirements for notice that a city has adopted by charter or ordinance. *Id.* § 101.101(b). The City of

Houston's charter requires written notice of claim within 90 days after the injuries or damages were sustained. Charter of the City of Houston art. IX, § 11.

Either formal or actual notice is required as a jurisdictional prerequisite to suit. *Worsdale*, 578 S.W.3d at 62, 77. In his brief, appellee concedes timely written notice was not provided. Accordingly, we sustain the City's first issue that the requirements of subsection (a) were not satisfied. *See* Tex. Civ. Prac. & Rem. Code § 101.101(a). Thus, unless the City received actual notice, immunity was not waived. *See* Tex. Civ. Prac. & Rem. Code § 101.101(c).

Actual notice exists only when the governmental unit has "knowledge of (1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved." *Cathey v. Booth*, 900 S.W.2d 339, 341-42 (Tex. 1995). To satisfy the second element, the governmental unit must have "subjective awareness of its fault, as ultimately alleged by the claimant, in producing or contributing to the claimed injury." *Tex. Dep't of Crim. Justice v. Simons*, 140 S.W.3d 338, 347 (Tex. 2004), *superseded by statute on other grounds as stated in Worsdale*, 578 S.W.3d at 74 n.113 (noting that legislature altered the holding in *Simons* that section 101.101 is not jurisdictional). This means "there must be subjective awareness connecting alleged governmental conduct to causation of an alleged injury to person or property in the manner ultimately asserted." *Worsdale*, 578 S.W.3d at 65. The standard is subjective because lack of formal notice is excused only by actual, not constructive, notice. *Id*. Knowledge that an injury has occurred, standing alone, is not sufficient to put a governmental unit on actual notice for purposes of waiving immunity under the TTCA. *City of San Antonio v. Tenorio*, 543 S.W.3d 772, 776 (Tex. 2018). To satisfy actual notice requirements, the governmental unit must have acquired the same knowledge it is entitled to receive

under the TTCA's formal notice provisions. *Id.*; Tex. Civ. Prac. & Rem. Code § 101.101(a). Actual notice is a fact question when the evidence is disputed but when the facts are undisputed, courts may determine whether actual notice exists as a matter of law. *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Estate of Arancibia*, 324 S.W.3d 544, 549 (Tex. 2010); *Simons*, 140 S.W.3d at 348.

### THE EVIDENCE

The Texas Peace Officer's Crash Report reflects appellee was taken by ambulance to Memorial Hermann Medical Center. The report states the "crash" occurred when appellee, "running south of Westheimer Road . . . failed to yield row to vehicle and was struck." The report identifies "GANTT, MICHAEL," his age, ethnicity, gender, and provides that he suffered a non-incapacitating injury. The records of the City of Houston Fire Department, which transported appellee to the hospital, state the patient had "R shoulder deformity and pain. Pt stated that he was walking across the street when he was struck by a HPD patrol vehicle. Pt denied LOC at time of accident and stated that he was ambulatory on-scene. Pt noted with bruising and swelling to R shoulder and abrasions (approx. 2 in. in diameter) to L and R shoulder area and another abrasion to L elbow (approx. the size of a dollar bill). R shoulder also resting lower than L shoulder. Pt was placed on a sling for pain/comfort." Young wrote on his Houston Police Department Crash Questionnaire that he was enroute and "had passed the intersection of S. Shepherd and vehicles were stopped in the left lane[.] I was driving in the right lane when the pedestrian darted out in the street not at a crosswalk and I struck him." Young reported in a supplement, "I was driving on Westheimer Road in the right lane. All suddenly [sic] he darted in the front left of my vehicle, and I hit him." The supplement also reported that according to appellee, "I was trying to get to the YMC [sic] off of Bell Street. I ran crossing Westheimer Road and got hit by the vehicle. It was my fault." A witness

reported, "I turned around and see a man flying up in the air, all his thing [sic] flying. The police car had hit him. The man [tried] getting up to get out of the street, then end up just laying back on the ground."

## ANALYSIS

Actual notice may be imputed to a governmental entity by an agent or representative who receives notice of the *Cathey* elements and who is charged with a duty to investigate the facts and report them to a person of sufficient authority. *See Guadalupe Blanco River Auth. v. Schneider*, 392 S.W.3d 321, 325 (Tex. App.—San Antonio 2012, no pet.); *City of Wichita Falls v. Jenkins*, 307 S.W.3d 854, 858 (Tex. App.—Fort Worth 2010, pet. denied); *Angleton Danbury Hosp. Dist. v. Chavana*, 120 S.W.3d 424, 427 (Tex. App.—Houston [14th Dist.] 2003, no pet.). There is no evidence in the record that the City was subjectively aware that appellee was claiming Young was at fault for the collision. *See Reyes v. Jefferson County*, 2020 WL 1898542, ---S.W.3d--- (Tex. Apr. 17, 2020) (per curiam) (concluding the County had actual notice because the county claims administrator knew about plaintiff's claims the County was responsible). The records appellee relies upon to raise a fact issue on actual notice reflect appellee failed to yield the right of way, ran out in front of Young's vehicle, and in his statement, appellee did not claim Young was at fault. Appellee's statement that it was his fault is not determinative, but he made no claim of Young's negligence. As the court noted in *Worsdale,* "[w]hen the facts do not even imply the governmental unit's fault, they are legally insufficient to provide actual notice." 578 S.W.3d at 64.

There is no evidence the City was subjectively aware of allegations that Young was responsible for or contributed to appellee's claimed injuries. *See Tenorio*, 543 S.W.3d at 778 (crash report listing "Fleeing or Evading Police" as a factor and condition contributing to vehicular collision did not imply the officers or

6

the City were at fault); *City of Dallas v. Carbajal*, 324 S.W.3d 537, 539 (Tex. 2010) (report that plaintiff drove her vehicle onto an excavated road through a gap that was not properly blocked did not constitute actual notice of plaintiff's subsequent claim that the City was fault). Therefore, we must conclude that appellee did not establish actual notice under section 101.101(c) and the City's immunity from suit was not waived. The City's second issue is sustained.

## CONCLUSION

Because appellee did not provide the required notice to the City under subsection (a) and there is no evidence the City had actual notice under subsection (c), the trial court erred by failing to dismiss appellee's claims for lack of subject matter jurisdiction. We reverse the trial court's order denying the City's plea to the jurisdiction and render judgment dismissing the case.



/s/     Margaret "Meg" Poissant
Justice


Panel consists of Chief Justice Christopher and Justices Jewell and Poissant.

7