**Affirmed and Memorandum Opinion filed October 10, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00666-CV

---

**BRIAN F. WILSON, Appellant**

**V.**

**CITY OF HOUSTON, Appellee**

---

**On Appeal from the 55th District Court
Harris County, Texas
Trial Court Cause No. 2019-70711**

---

## MEMORANDUM OPINION

Brian F. Wilson sued the City of Houston for negligence and other causes of action after the vehicle he was driving was involved in a collision with a City fire truck on an emergency call. The City filed a combined traditional and no-evidence motion for summary judgment alleging, among other things, that Wilson had failed to provide timely notice of his claims to the City as required by section 101.101 of the Texas Torts Claim Act (TTCA). The trial court granted the motion, and Wilson now brings this appeal. We affirm.

## Background

On September 29, 2017, Wilson was involved in a vehicle collision with a City fire truck. Wilson filed his original petition on September 27, 2019. He has stated claims under the TTCA, as well as for negligence, gross negligence, negligence per se, negligent entrustment, negligent hiring, and exemplary damages.

The City answered and filed a combined traditional and no-evidence motion for summary judgment. In the traditional portion of its motion, the City asserted that the TTCA does not waive immunity for gross negligence, negligence per se, negligent entrustment, negligent hiring, or exemplary damages. As mentioned, the trial court granted the motion. Wilson does not challenge the summary judgment on these claims in this appeal.

In the no-evidence portion of its summary judgment motion, the City asserted that the trial court lacked subject matter jurisdiction over the case because Wilson could produce no evidence that he satisfied the TTCA's formal notice requirements or that the City had actual knowledge of his claims. The City also asserted that Wilson had no evidence to overcome the TTCA's emergency exception. In response, Wilson offered a pro se letter, filed stamped by the City secretary on September 23, 2019, in which Wilson stated that he intended to file a claim against the City, and a copy of the second page of a police report in which the investigating officer notes that Wilson was being charged with making an illegal U-turn and failing to yield the right-of-way to an emergency vehicle. The report also states that someone was taken to the hospital from the scene.[1]

After the trial court granted the City's motion, Wilson filed a motion for

---

[1] It is impossible to glean much information from the second page of the police report as it does not identify who was involved in the collision and uses code numbers for things such as contributing factors and road conditions with no explanatory key provided. No other pages of the report appear in the appellate record.

reconsideration. Attached to this motion, Wilson included (1) his own unnotarized affidavit, in which he asserts that the City had actual notice because he was in the hospital for 29 days; (2) a copy of his answers to interrogatories, in which he stated he was in the hospital for 29 days; (3) photographs of his car and of him in a hospital bed; and (4) a hospital lien taken against Wilson by the Harris County Hospital District. The trial court denied the motion to reconsider.

## *Governing Law*

Subject matter jurisdiction is essential to a court's power to decide a case. *City of Hous. v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013). To establish subject matter jurisdiction, a plaintiff must allege facts that affirmatively demonstrate the court's jurisdiction to hear the claim. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). Whether a court has subject matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The lack of subject matter jurisdiction may be raised in a no-evidence motion for summary judgment. *Town of Shady Shores*, 590 S.W.3d at 551; *see also City of El Paso v. Cangialosi*, 632 S.W.3d 611, 620 & n.6 (Tex. App.—El Paso 2020, no pet.) (TTCA case).

We review a trial court's decision to grant a motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To defeat a no-evidence motion for summary judgment under Texas Rule of Civil Procedure 166a(i), non-movants must produce evidence raising a genuine issue of material fact on each challenged element. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced. *Id*. In considering the grant of a no-evidence summary judgment, we must view the evidence in the light most favorable to the nonmovant. *Id*. at 601.

Generally, governmental entities, such as the City, are immune from suits seeking to impose tort liability. *See City of San Antonio v. Tenorio*, 543 S.W.3d 772, 775 (Tex. 2018). That immunity deprives trial courts of subject matter jurisdiction over such suits, absent a waiver of their immunity. *Id*. The TTCA contains such a waiver, provided proper notice is received. *See id*.

Under the TTCA, a governmental unit generally must be given notice of a claim against it "not later than six months after the day that the incident giving rise to the claim occurred." Tex. Civ. Prac. & Rem. Code § 101.101(a). This formal notice of claim must describe "(1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident." *Id*. Claimants must also comply with any time requirements for notice that a city has adopted by charter or ordinance. *See id*. § 101.101(b). Here, the City's charter requires that written notice of a claim be provided to the City within ninety days after the injuries or damages were sustained. Hous., Tex., Charter, art. IX, § 11.

Formal notice of a claim under subsections (a) or (b), however, is not required "if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged." Tex. Civ. Prac. & Rem. Code § 101.101(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). For a governmental unit to have actual notice, it must have knowledge of (1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or contributing to it; and (3) the identity of the parties involved. *See Cathey*, 900 S.W.2d at 341; *Univ. of Tex. Health Sci. Ctr. at Hous. v. Cheatham*, No. 14-14-00628-CV, 2015 WL 3878111, at *3 (Tex. App.—Houston [14th Dist.] June 23, 2015, no pet.) (mem. op.). A governmental unit must have knowledge that equates to the same notice to which it is entitled under the statute, including subjective awareness of its fault, as

4

ultimately alleged by the claimant, in producing or contributing to the claimed injury. *See Univ. of Tex. Sw. Med. Ctr. at Dall. v. Estate of Arancibia*, 324 S.W.3d 544, 548–49 (Tex. 2010); *Needham Fire & Rescue Co. v. Balderas*, No. 14-16-00211-CV, 2017 WL 1416219, at \*3 (Tex. App.—Houston [14th Dist.] Apr. 18, 2017, no pet.) (mem. op.). One of these forms of notice—formal or actual—is required as a jurisdictional prerequisite to suit. *Worsdale v. City of Killeen*, 578 S.W.3d 57, 77 (Tex. 2019). The purpose of the notice requirement is to ensure the prompt reporting of claims to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial. *Cathey*, 900 S.W.2d at 341. Failure to comply with the notice provision requires dismissal. *See Tenorio*, 543 S.W.3d at 775–76.

Knowledge that a death, injury, or property damage has occurred, standing alone, is not sufficient to put a governmental unit on actual notice for TTCA purposes. *Id.* at 776. Actual notice may be imputed to a governmental unit when its fault is obvious or an agent charged with a duty to investigate and report to the unit receives notice of the three *Cathey* elements. *Needham Fire & Rescue*, 2017 WL 1416219, at \*3; *Angleton Danbury Hosp. Dist. v. Chavana*, 120 S.W.3d 424, 427 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Thus, an incident that triggers an investigation and accident report will impute such notice where there is evidence to connect the accident to an action or omission by the governmental unit such that it should have known of its potential culpability. *See Needham Fire & Rescue*, 2017 WL 1416219, at \*3; *Angleton Danbury Hosp. Dist.*, 120 S.W.3d at 427.

### *Discussion*

The incident made the basis of Wilson's lawsuit occurred on September 29, 2017; thus, pursuant to the City's charter and TTCA section 101.101(b), Wilson was required to provide notice of his claim by December 28, 2017, unless the City

5

otherwise had actual notice by that time. *See* Tex. Civ. Prac. & Rem. Code § 101.101(a)–(c); *Cathey*, 900 S.W.2d at 341.

Attached to his response to the City's motion, Wilson provided (1) his pro se letter dated September 23, 2019, which, even if it met the requirements of formal notice, was filed much too late; and (2) the second page of a police report, which, even if it met the other requirements for actual notice, did not suggest that the City or its employee was at fault. *See Needham Fire & Rescue*, 2017 WL 1416219, at *3; *Angleton Danbury Hosp. Dist.*, 120 S.W.3d at 427. To the contrary, the only thing that can be clearly understood from the police report is that Wilson was being charged with making an illegal U-turn and failing to yield the right-of-way to an emergency vehicle. Neither item creates a material issue of fact concerning formal or actual notice.

Attached to his motion for reconsideration, Wilson offered his own affidavit, an excerpt from his answers to interrogatories, a couple of photographs, and a hospital lien taken against Wilson by the Harris County Hospital District. All of this evidence relates to some degree to the fact he was hospitalized after the collision. In his motion, Wilson asserted with little to no explanation that this evidence demonstrated the City had actual notice. It is not entirely clear why Wilson thinks the fact he was in the hospital meets the requirements for actual notice, but we conclude, at a minimum, that even assuming the City knew Wilson was hospitalized and his car was damaged, such knowledge did not suggest the City or its employee was a producing or contributing cause of Wilson's injuries and damages. *See Needham Fire & Rescue*, 2017 WL 1416219, at *3; *Angleton Danbury Hosp. Dist.*, 120 S.W.3d at 427; *see also Tenorio*, 543 S.W.3d at 776 (noting that knowledge death, injury, or property damage has occurred is not alone sufficient for actual notice). Accordingly, this evidence does not create a material

issue of fact concerning formal or actual notice.

In his brief to this court, Wilson argues that the City had actual knowledge because its employees knew that he had been injured and his vehicle was damaged and knew "the firetruck driver was at fault because he had a duty to drive with due regard for others by avoiding negligent behavior, and his failure to comply with that duty produced or contributed to [Wilson's] personal injuries and property damages." Wilson does not offer a citation to the record in support of his argument or any further explanation regarding how or why the City or its employees would have subjectively known the truck driver was at fault. *See Estate of Arancibia*, 324 S.W.3d at 548–49 (explaining that for actual knowledge, a governmental unit must have subjective awareness of its fault, as ultimately alleged by the claimant, in producing or contributing to the claimed injury); *Needham Fire & Rescue*, 2017 WL 1416219, at *3 (same). Although Wilson then asserts that "this information was contained in the accident report," as discussed above, the police report gives no indication that the City employee may have been at fault; to the contrary, the report states that Wilson himself was charged with two offenses relating to the collision.

Wilson failed to raise a material issue of fact regarding either timely formal notice or actual notice. Accordingly, the trial court did not err in granting summary judgment favoring the City and dismissing Wilson's lawsuit. We overrule Wilson's sole issue.[2]

---

[2] In his brief, Wilson also challenges an assertion the City made in its motion for summary judgment that Wilson had judicially admitted the absence of actual notice when he stated in his original petition that "[b]ecause of the way the [police] report is written I am at fault." Although the City did in fact make this argument in its motion, the motion did not wholly rely on this argument but specifically asserted Wilson could provide no evidence of formal or actual notice. Accordingly, we need not address this argument to resolve the appeal.

We affirm the trial court's judgment.

/s/ Frances Bourliot
Justice

Panel consists of Justices Bourliot, Hassan, and Poissant.