Opinion issued June 15, 2023



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00596-CV

_____

**CYPRESS-FAIRBANKS INDEPENDENT SCHOOL DISTRICT, Appellant**

**V.**

**JOSELIN BARRAGAN PARRA, Appellee**

---

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-29660**

---

## MEMORANDUM OPINION

Appellee Joselin Barragan Parra sued appellant Cypress-Fairbanks Independent School District ("Cy-Fair ISD") under the Texas Tort Claims Act ("TTCA") asserting claims of personal injury and property damage allegedly

resulting from a motor-vehicle accident involving a Cy-Fair ISD school bus. Cy-Fair ISD filed a plea to the jurisdiction arguing that it did not receive notice of Parra's claims within six months of the accident as required to waive its governmental immunity from suit under the TTCA, and therefore the trial court lacked subject-matter jurisdiction over Parra's claims against it. Parra responded that Cy-Fair ISD had actual notice of her claims from a police report completed the day of the accident. The trial court denied the plea.

In a single issue on appeal, Cy-Fair ISD argues that the trial court erred by denying its plea because there is no evidence it had notice of Parra's claims as required by TTCA section 101.101, and therefore it retained its governmental immunity from suit which deprived the trial court of subject-matter jurisdiction over the case. We reverse and render judgment.

**Background**

On September 24, 2020, a Cy-Fair ISD school bus was travelling behind Parra's vehicle on North Eldridge Parkway. Parra stopped at a red-light signal, but the bus driver was unable to stop the bus in time and rear-ended Parra's car. Parra sued Cy-Fair ISD under the TTCA alleging that its employee's negligent operation of the bus caused her personal injury and property damage. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(1)(A) (waiving governmental immunity for property damage

2

and personal injury caused by governmental employee's negligent operation or use of motor-driven vehicle).

Cy-Fair ISD filed a verified answer generally denying Parra's claims. The answer specifically asserted that Parra did not provide Cy-Fair ISD with formal, written notice of her claims within six months of the accident as required by the TTCA. *See id.* § 101.101(a).

Cy-Fair ISD also filed a plea to the jurisdiction requesting that the trial court dismiss Parra's lawsuit for lack of jurisdiction. Cy-Fair ISD argued that formal notice is a jurisdictional prerequisite to suing a governmental entity under the TTCA, but Parra did not provide notice of her claims. Therefore, Cy-Fair ISD argued that it retained its governmental immunity from suit, and the trial court thus lacked subject-matter jurisdiction over Parra's claims. The plea attached an affidavit from Cy-Fair ISD's general counsel denying that Cy-Fair ISD received formal notice of Parra's claims. The affiant averred that her office typically received claim notices at the time, even if the notice had been sent to another department. After diligently searching Cy-Fair ISD's records, general counsel did not find notice of Parra's claims.

In response to the plea, Parra conceded that she did not provide formal notice of her claims. She contended, however, that Cy-Fair ISD had actual notice of her claims by virtue of employing the bus driver who had caused the accident, and thus

Cy-Fair ISD "was aware of some injury to Parra, property damage to Parra's vehicle, [Cy-Fair ISD's] own fault, and Parra's identity." She further argued that another Cy-Fair ISD employee—a police officer employed by the Cy-Fair ISD Police Department—responded to the accident, investigated it, and wrote a report about the investigation.

Parra's plea response relied on a Texas Peace Officer's Crash Report, which reflects that an investigator with the Cy-Fair ISD Police Department arrived at the location of the accident within fifteen minutes after it occurred. According to the report, the "small micro-school bus" was travelling behind Parra in the same lane when Parra "stopped for a red[-]light traffic signal" at an intersecting street, but the bus driver "was not able to stop in time and struck" the vehicle Parra was driving.[1] The report listed Cy-Fair ISD as the owner of the bus. The report also noted that a third-party individual—not Parra—owned the vehicle that Parra was driving.

The report stated that, in the officer's opinion, the accident resulted in at least $1,000 worth of damage "to any one person's property," but the report did not specify which property was damaged. The report also stated that there were "[n]o

---

[1] An attendant was riding as a passenger in the bus when the accident occurred, but the attendant is not a party to these proceedings. Parra did not have a passenger in her car.

4

injuries related to this crash." Next to Parra's name, the reporting officer marked a box labelled "Injury Severity" with "N," indicating that Parra was "Not Injured[.]"[2]

Cy-Fair ISD filed a reply disputing that it had actual notice of Parra's claims. It argued that the police report did not give actual notice of the claims because it stated that no one was injured, that Parra specifically was not injured, and that Parra did not own the vehicle she was driving.

Parra filed a sur-reply raising the same arguments that she raised in her plea response, but she did not rely on any additional evidence. The trial court denied the plea to the jurisdiction. This interlocutory appeal followed.

## Governmental Immunity

In a single issue on appeal, Cy-Fair ISD contends that it has governmental immunity from suit, and the trial court therefore lacked subject-matter jurisdiction, because Parra did not provide timely formal or actual notice of her claims. The parties' dispute focuses on whether Parra's sole jurisdictional evidence—the police report—gave Cy-Fair ISD actual notice of Parra's claims for personal injury and property damage that she asserts in this lawsuit.

---

[2]     The police report exhibit attached to Parra's plea response did not define injury severity "N." However, in its reply, Cy-Fair ISD attached a copy of the police report accompanied by a "Texas Peace Officer's Crash Report—Code Sheet" providing definitions for various codes corresponding to the codes used in the police report. Relevant here, the code sheet defined injury severity "N" as "Not Injured." Parra does not dispute that this definition applies to the police report.

## A. Standard of Review

Governmental immunity from suit defeats a trial court's subject-matter jurisdiction, and thus immunity may be raised in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). A party may appeal from an interlocutory order granting or denying a governmental unit's plea to the jurisdiction. TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8). Whether a court has subject-matter jurisdiction is a question of law that we review de novo. *Miranda*, 133 S.W.3d at 228; *see Reyes v. Jefferson Cnty.*, 601 S.W.3d 795, 798 (Tex. 2020) ("Notice is a prerequisite to subject-matter jurisdiction under the TTCA, and as such, presents a question of law we review de novo.").

When a plaintiff sues a governmental entity, the plaintiff bears the burden to affirmatively establish the trial court's jurisdiction by asserting a valid waiver of immunity. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012). A plea by a governmental entity raising its immunity from suit "may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). If a plea challenges the pleadings, we determine whether the plaintiff has alleged facts affirmatively demonstrating the court's jurisdiction, which is a question of law that we review de novo. *Miranda*, 133 S.W.3d at 226. We construe the pleadings liberally in the plaintiff's favor and look to the intent of the pleading. *Id.*

6

We are not limited to the pleadings, however, and we may consider jurisdictional evidence submitted by the parties. *Id.* We "must do so when necessary to resolve the jurisdictional issues raised." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). When the jurisdictional issue is not intertwined with the merits of the claims, the trial court—not the factfinder—resolves factual disputes, and we must defer to the trial court's express or implied factual findings so long as they are supported by sufficient evidence. *Worsdale v. City of Killeen*, 578 S.W.3d 57, 66 (Tex. 2019). But if the jurisdictional evidence is undisputed, as here, whether the evidence establishes jurisdiction is a question of law that we review de novo. *City of San Antonio v. Tenorio*, 543 S.W.3d 772, 776 (Tex. 2018); *Miranda*, 133 S.W.3d at 226; *see Worsdale*, 578 S.W.3d at 66 (stating that actual notice can often be determined as matter of law, even "when subjective awareness must be proved, if at all, by circumstantial evidence") (quoting *Tex. Dep't of Crim. Just. v. Simons*, 140 S.W.3d 338, 348 (Tex. 2004)).

## B. Notice of a Claim Under the TTCA

Governmental units, including school districts like Cy-Fair ISD, are generally immune from suits for damages unless the legislature has waived immunity.[3] *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Est. of Arancibia*, 324 S.W.3d 544, 546 (Tex.

---

[3] The parties do not dispute that Cy-Fair ISD is a governmental unit under the TTCA.

2010); TEX. CIV. PRAC. & REM. CODE § 101.001(3)(B) (defining "governmental unit" to include school districts). The TTCA provides a limited waiver of immunity from suit in certain circumstances, including suits for property damage and personal injury arising from a governmental employee's negligent operation or use of a motor-driven vehicle. TEX. CIV. PRAC. & REM. CODE § 101.021(1); *Est. of Arancibia*, 324 S.W.3d at 546 (stating that TTCA waives immunity from suit "to the extent of liability created by [the Act]") (quoting TEX. CIV. PRAC. & REM. CODE § 101.025(a)).

Section 101.101, which is at issue in this case, requires timely notice of claims against a governmental unit:

> (a)    A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:
>
> > (1)    the damage or injury claimed;
> >
> > (2)    the time and place of the incident; and
> >
> > (3)    the incident.
>
> \* \* \* \*
>
> (c)    The notice requirements provided or ratified and approved by Subsections (a) and (b) do not apply if the governmental unit has actual notice . . . that the claimant has received some injury, or that the claimant's property has been damaged.

TEX. CIV. PRAC. & REM. CODE § 101.101(a), (c). Formal notice under subsection (a) is the general notice rule, while actual notice under subsection (c) is an exception to the general rule. *See id.*; *Worsdale*, 578 S.W.3d at 76 ("Structurally and lexically,

8

the Legislature manifested its intent that section 101.101(c) serve as an exception to section 101.101(a) and (b)'s formal-notice requirements."). It is well established that notice under section 101.101 is a jurisdictional prerequisite to filing a suit against a governmental entity under the TTCA. *Reyes*, 601 S.W.3d at 798; *Worsdale*, 578 S.W.3d at 59 (citing TEX. GOV'T CODE § 311.034).

The Texas Supreme Court has long held that the actual-notice exception requires a governmental unit's "subjective awareness" of its "alleged fault producing or contributing to the death, injury, or property damage," meaning "fault as ultimately alleged by the claimant." *Worsdale*, 578 S.W.3d at 59 (quoting *Simons*, 140 S.W.3d at 339, 347–48, and *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam)). Actual notice requires the governmental unit to have "knowledge of (1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved." *Id.* at 63 (quoting *Cathey*, 900 S.W.2d at 341). Actual notice must provide the governmental unit with the same information that it would have had if the plaintiff had provided formal notice under subsection (a). *Simons*, 140 S.W.3d at 347; *see* TEX. CIV. PRAC. & REM. CODE § 101.101(a) (requiring notice reasonably describing damage or injury claimed, time and place of incident, and incident).

Mere knowledge that an accident occurred, without more, does not establish a governmental unit's subjective knowledge of its alleged fault in producing or contributing to claims of personal injury or property damage. *Worsdale*, 578 S.W.3d at 72 (stating that "mere knowledge that something happened somewhere to someone or something would hardly ever" constitute actual notice). Nor is it "enough that a governmental unit should have investigated an incident as a prudent person would have, or that it did investigate, perhaps as part of routine safety procedures, or that it should have known from the investigation it conducted that it might have been at fault." *Id.* at 63–64 (quoting *Simons*, 140 S.W.3d at 347–48); *see Tenorio*, 543 S.W.3d at 776.

The purpose of the TTCA notice requirement is to ensure prompt reporting of claims to enable a governmental entity to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial. *Worsdale*, 578 S.W.3d at 63; *Cathey*, 900 S.W.2d at 341. If "a governmental unit is not subjectively aware of its fault [as ultimately alleged], it does not have the same incentive to gather information that the statute is designed to provide, even when it would not be unreasonable to believe that the governmental unit was at fault." *Worsdale*, 578 S.W.3d at 64 (quoting *Simons*, 140 S.W.3d at 348).

## C.    Analysis

Cy-Fair ISD challenges both the pleadings and the jurisdictional evidence regarding notice of Parra's claims. *See Alamo Heights*, 544 S.W.3d at 770 (stating that governmental unit may raise immunity from suit by challenging pleadings, existence of jurisdictional facts, or both).

Parra's petition does not expressly state that Cy-Fair ISD had notice of her claims. But Parra did allege that Cy-Fair ISD's employee negligently operated the school bus which caused bodily injury to Parra and damage to her vehicle. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(1)(A). We construe pleadings liberally, and Cy-Fair ISD does not specifically argue how or why these factual allegations do not sufficiently allege notice of Parra's claims. *See Miranda*, 133 S.W.3d at 226 (stating that plaintiff must allege *facts* affirmatively demonstrating jurisdiction).

In any event, the focus of the parties' dispute is not on the pleadings but on the existence of jurisdictional facts. *See Alamo Heights*, 544 S.W.3d at 770. The parties primarily dispute whether a police report completed shortly after the accident provided Cy-Fair ISD with actual notice of Parra's claims against it. Reviewing courts are "not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised." *Blue*, 34 S.W.3d at 555; *see also Miranda*, 133 S.W.3d at 226–27 (stating that, in considering whether plaintiff met burden to demonstrate jurisdiction, courts consider allegations

11

in petition and evidence relevant to jurisdictional issue). Because we cannot resolve the jurisdictional issue without considering the police report, we must go beyond the pleadings and consider the jurisdictional evidence.

### 1. Formal Notice

Cy-Fair ISD first argues that it did not receive formal notice from Parra within six months of the accident. *See* TEX. CIV. PRAC. & REM. CODE § 101.101(a).

Cy-Fair ISD's plea to the jurisdiction relied on an affidavit from its general counsel denying that it received formal notice of Parra's claims. According to the affidavit, the general counsel received and processed all claim notices for Cy-Fair ISD during the relevant time period. Counsel diligently searched Cy-Fair ISD's records for notice of Parra's claims but was unable to find any such notice. *See City of Houston v. Miller*, No. 01-19-00450-CV, 2019 WL 7341666, at *5 (Tex. App.—Houston [1st Dist.] Dec. 31, 2019, no pet.) (mem. op.) (concluding that city lacked formal notice of plaintiff's claims based on uncontroverted affidavit denying that city received timely formal notice); *City of San Antonio v. Cervantes*, 521 S.W.3d 390, 395 (Tex. App.—San Antonio 2017, no pet.) (concluding that city lacked formal notice of plaintiff's claims allegedly resulting from motor-vehicle accident based on city claims manager's uncontroverted affidavit stating that his job duties included reviewing notices of claims received by city, he searched city's records for notice of plaintiff's claims, and he found notice was not received timely by city).

Parra did not controvert this affidavit. Nor does she argue on appeal that she provided timely formal notice of her claims. We therefore conclude that Cy-Fair ISD did not have formal notice of Parra's claims under section 101.101(a) of the TTCA.

### 2. Actual Notice

The parties dispute whether Cy-Fair ISD had actual notice under section 101.101(c) of Parra's claims from a police report concerning the accident. Cy-Fair ISD argues that the report did not provide actual notice of Parra's personal injury claims because it stated that no one was injured. Cy-Fair ISD further argues that the report was not actual notice of Parra's property damage claims because it stated that a third-party individual owned the car Parra was driving and does not indicate that any of Parra's property was damaged.

Parra responds that Cy-Fair was objectively aware of its fault in causing the accident based on the police report, and therefore it had actual notice of her claims. She further argues that "if [Cy-Fair ISD] had acted as a prudent entity, it could have ascertained its potential liability because of its obvious role in the accident," and therefore Cy-Fair ISD had actual notice of her claims.

The sole evidence of actual notice is a police report completed by a Cy-Fair ISD law enforcement officer who responded to the accident shortly after it occurred. According to the report, Cy-Fair ISD's school bus was travelling directly behind

13

Parra's vehicle. When Parra stopped at a red light, the bus driver "was not able to stop in time and struck" the vehicle Parra was driving.

The report stated that there were "[n]o injuries related to this crash," and it specifically indicated that Parra was "Not Injured[.]" The report also reflected the officer's opinion that the crash resulted in at least $1,000 worth of damage "to any one person's property," although it did not specify whose property was damaged. The report stated that a third-party individual owned the vehicle Parra was driving.

We agree with Cy-Fair ISD that this report does not provide actual notice of Parra's claims for personal injury or property damage. To meet the actual-notice exception under section 101.101(c), a governmental unit must have "actual notice" that "the claimant has received some injury[] or that the claimant's property has been damaged." TEX. CIV. PRAC. & REM. CODE § 101.101(c). The Texas Supreme Court has construed the actual-notice provision in section 101.101(c) as requiring knowledge of (1) death, injury, or property damage; (2) the governmental unit's alleged fault in producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved. *Worsdale*, 578 S.W.3d at 63. Actual notice requires that the governmental unit have "subjective awareness" of its "fault as ultimately alleged by the claimant" in "producing or contributing to [a] death, injury, or property damage." *Id.* at 59 (quoting *Simons*, 140 S.W.3d at 339, 347–48, and *Cathey*, 900 S.W.2d at 341). Mere knowledge that an accident occurred does not

14

show subjective awareness of personal injury or property damage resulting from the accident. *Id.* at 72.

The police report does not establish that Cy-Fair ISD was subjectively aware that it may be responsible for Parra's claims as ultimately alleged in this lawsuit. Parra asserts a claim against Cy-Fair ISD for personal injury, but the police report stated that there were "[n]o injuries related to this crash" and, specifically, that Parra was "Not Injured[.]" Because the report affirmatively indicates that Parra was not injured, it does not provide "actual notice" that "the *claimant* has received some injury . . . ." *See* TEX. CIV. PRAC. & REM. CODE § 101.101(c) (emphasis added). The report does not impart a key piece of information required to show actual notice: that any injury occurred. *See id.*; *Worsdale*, 578 S.W.3d at 63 (stating that actual notice requires, among other things, knowledge of injury). The report merely states that an accident occurred, which is insufficient to show subjective awareness of Cy-Fair ISD's fault as Parra ultimately alleges in producing or contributing to her claimed personal injury. *See Worsdale*, 578 S.W.3d at 59.

Parra also asserts a claim for property damage, but the police report did not state that Parra owned any property involved in the accident. Rather, it stated that a third-party individual owned the vehicle Parra was driving. Nothing in the report provides "actual notice" that "the *claimant's property* has been damaged." *See* TEX. CIV. PRAC. & REM. CODE § 101.101(c) (emphasis added). While Cy-Fair ISD may

15

have known from the police report that the third-party individual had a potential claim for property damage, the report does not indicate that Cy-Fair ISD was subjectively aware that Parra had a claim for property damage. *See id.* Thus, while the report may impart knowledge of some property damage, it does not identify Parra as the owner of the property who might have a claim for that damage. *See Worsdale*, 578 S.W.3d at 63 (stating that actual notice requires, among other things, knowledge of property damage and identity of parties involved).

The police report is the sole evidence that both parties rely on to support their arguments concerning actual notice. Thus, the evidence of actual notice is uncontroverted and undisputed. Whether this undisputed evidence establishes jurisdiction is a question of law, not a question of fact. *See Tenorio*, 543 S.W.3d at 776; *Miranda*, 133 S.W.3d at 226; *see also Worsdale*, 578 S.W.3d at 66 (stating that actual notice can often be determined as matter of law even "when subjective awareness must be proved, if at all, by circumstantial evidence") (quoting *Simons*, 140 S.W.3d at 348).

At best, the police report shows that an accident occurred and caused some property damage to a vehicle owned by a third-party but did not result in injury to any person. This is insufficient to show actual notice of the claims for personal injury and property damage that Parra ultimately alleges against Cy-Fair ISD. *See Worsdale*, 578 S.W.3d at 65 (stating that "there must be subjective awareness

16

connecting alleged governmental conduct to causation of an alleged injury to person or property in the manner ultimately asserted" by claimant). Without any evidence showing that Parra was injured or that her property was damaged, Cy-Fair ISD did not have actual notice of her claims as she ultimately alleged here. Uncertainty "is inherent in the actual-notice exception," but "[c]ertainty can be achieved simply by giving formal notice under section 101.101(a) and (b)." *Id.* at 76.

Notice enables governmental entities to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial. *Id.* at 63; *Cathey*, 900 S.W.2d at 341. This purpose benefits governmental units, not injured claimants. Without any evidence that Parra was injured or her property damaged, Cy-Fair ISD had no incentive to gather information necessary to defend itself in this lawsuit. *See Worsdale*, 578 S.W.3d at 64 (stating that if government is not subjectively aware of fault as ultimately alleged, "it does not have the same incentive to gather information that the statute is designed to provide, even when it would not be unreasonable to believe that the governmental unit was at fault") (quoting *Simons*, 140 S.W.3d at 348). Cy-Fair ISD's "mere knowledge that something happened somewhere to someone or something" did not alert it to its "alleged wrongdoing and the necessity of mounting a defense." *See id.* at 72.

In addition to the well-established precedent cited above, our decision is supported by two recent opinions from this Court. In *Jones v. Board of Trustees of*

17

*Galveston Wharves*, the plaintiff slipped and fell at a port terminal. 605 S.W.3d 641, 642 (Tex. App.—Houston [1st Dist.] 2020, no pet.). We held that the "lone evidence" of actual notice—an uncontroverted police report stating that "no injuries were reported"—conclusively proved lack of actual notice under section 101.101(c) of the plaintiff's claim of personal injury. *Id.* at 642–45.

In *City of Houston v. Musyimi*, we considered whether a police report stating that no injuries resulted from a motor-vehicle accident constituted actual notice of a personal injury claim under the TTCA. *See* No. 01-21-00670-CV, 2022 WL 2919724 (Tex. App.—Houston [1st Dist.] July 26, 2022, no pet.) (mem. op.). After an on-duty city police officer rear-ended Musyimi's car, another law enforcement officer arrived, completed a Texas Peace Officer's Crash Report, and took photographs of the vehicles involved in the accident. *Id.* at *1, 5. The report stated that the city police officer failed to control his speed and struck Musyimi's car. *Id.* at *1. The report noted some damage to Musyimi's car, but it stated that no injuries resulted from the accident and stated specifically that Musyimi was not injured. *Id.*

Musyimi sued the city under the TTCA, and the city filed a motion for partial summary judgment arguing that it did not have notice of Musyimi's personal injury claim. *Id.* at *2. Musyimi relied on the police report and photographs of damage to the vehicles involved in the accident to establish that the city had actual notice of the claims. *Id.* On appeal, this Court determined that this undisputed evidence did not

18

show that the city had actual notice of the alleged personal injury claims. *Id.* at \*7. We noted that "[p]otential or constructive notice is not enough," and instead we followed the well-established rule that a governmental unit's mere awareness of an accident does not show it had subjective knowledge—i.e., actual notice—of any personal injuries sustained in the accident. *Id.* at \*5 (quoting *Jones*, 605 S.W.3d at 643). Accordingly, the Court held that the police report and the photographs affirmatively showed that Musyimi was not injured, and therefore the city lacked actual notice of his personal injury claims. *Id.* at \*7; *see also Cervantes*, 521 S.W.3d at 395–97 (concluding that police report of motor-vehicle accident stating property damage resulted from accident but no injuries were sustained did not constitute actual notice of personal injury claim because there was "no suggestion in the evidence before the trial court that Cervantes was visibly injured").

As in *Jones* and *Musyimi*, the sole undisputed evidence in this case does not establish that Parra was injured as a result of the accident. Nor does the undisputed evidence establish that any of Parra's property was damaged. Parra did not present any evidence controverting the police report. Thus, *Jones* and *Musyimi* support our conclusion that the police report was not actual notice of Parra's claims as a matter of law.

Parra argues on appeal that the standard for actual notice is objective awareness of fault in causing an accident, and she argues that "if [Cy-Fair ISD] had

19

acted as a prudent entity, it could have ascertained its potential liability because of its obvious role in the accident." We disagree.

In support of this argument, Parra relies on the Fort Worth Court of Appeals' opinion in *City of Wichita Falls v. Jenkins*, 307 S.W.3d 854 (Tex. App.—Fort Worth 2010, pet. denied). There, a city police officer rear-ended the Jenkins family's vehicle while it was stopped at a red light, and the family sued the city. *Id.* at 856. The Jenkins family sent the city timely written notice of their claims, which the court concluded was sufficient formal notice under TTCA section 101.101(a). *Id.* at 861.

Despite having held that the city had formal notice, the court nevertheless analyzed whether the city also had actual notice of the family's claims from a police report. *Id.* The report described the incident, identified the parties, and noted property damage of at least $1,000, but it did not note any injury to anyone involved in the accident. *Id.* The court stated that "governmental entities have actual notice to the extent that a prudent entity could ascertain its potential liability stemming from an incident, either by conducting further investigation or because of its obvious role in contributing to the incident." *Id.* at 858. Although the report did not reflect any injury to anyone involved in the accident, the court held that it nevertheless constituted actual notice of the Jenkins family's personal injury claims under the TTCA. *Id.* at 861.

20

Parra's reliance on *Jenkins* is misplaced. As an initial matter, it was unnecessary for the court to consider whether the city had actual notice of claims after concluding that the city had formal notice. Actual notice is an exception to formal notice, and thus a governmental unit need not have actual notice if it has formal notice. *See Worsdale*, 578 S.W.3d at 76. The court's unnecessary analysis of the actual-notice issue constitutes obiter dicta, which is not binding as precedent. *See Seger v. Yorkshire Ins. Co.*, 503 S.W.3d 388, 399 (Tex. 2016); *Varner v. City of Andrews*, 657 S.W.3d 658, 663 (Tex. App.—El Paso 2022, pet. denied) (stating that *Jenkins* court's holding that city had formal notice rendered its subsequent discussion of actual notice unnecessary to decision); *City of Houston v. McGowen*, No. 14-13-00415-CV, 2014 WL 2039856, at *7 (Tex. App.—Houston [14th Dist.] May 15, 2014, no pet.) (mem. op.) ("[T]he *Jenkins* court's statements regarding actual notice are not necessary to the disposition of the appeal and are obiter dicta.").

More importantly, however, the *Jenkins* court's analysis is contrary to Texas Supreme Court precedent and this Court's decision in *City of Houston v. Musyimi*. The Texas Supreme Court has expressly rejected a standard in which actual notice exists if a governmental unit could have learned of its possible fault through further investigation. *See Simons*, 140 S.W.3d at 346–48 ("*Cathey* cannot fairly be read to suggest that a governmental unit has actual notice of a claim if it could or even should have learned of its possible fault by investigating the incident."). The *Simons*

21

court stated that such a broad interpretation of section 101.101(c) would defeat the purpose of notice by making actual notice the rule and formal notice the exception, thereby depriving governmental units of notice of most incidents and instead requiring them to investigate all incidents. *Id.* at 347.

In 2019, the Texas Supreme Court reaffirmed this reasoning, stating that "[i]t is not enough that a governmental unit should have investigated an incident as a prudent person would have, or that it did investigate, perhaps as part of routine safety procedures, or that it should have known from the investigation it conducted that it might have been at fault." *Worsdale*, 578 S.W.3d at 63–64 (quoting *Simons*, 140 S.W.3d at 347–48); *see Tenorio*, 543 S.W.3d at 776. Mere objective awareness of potential fault is not the standard for actual notice. Rather, the "standard is necessarily subjective, because lack of formal notice is excused only by actual, not constructive, notice." *Worsdale*, 578 S.W.3d at 65. Contrary to *Jenkins*, "[a]ctual notice means the governmental unit is subjectively aware that it may be responsible for death, injury, or property damage in the manner ultimately alleged by the claimant." *Id.* at 77; *see Simons*, 140 S.W.3d at 347–48.

A post-*Jenkins* panel of the Fort Worth Court of Appeals acknowledged that the *Jenkins* court's analysis "regarding notice of injury from the fact of an accident" was dicta and contrary to the Texas Supreme Court's decision in *Simons*. *City of Arlington v. Evans*, No. 02-22-00160-CV, 2022 WL 5240524, at *4 n.7 (Tex.

App.—Fort Worth Oct. 6, 2022, no pet.) (mem. op.). Several of our sister courts of appeals have likewise rejected the *Jenkins* court's actual-notice analysis. *See, e.g.*, *McGowen*, 2014 WL 2039856, at *7 (declining to follow *Jenkins* because its actual-notice legal standard "has been disapproved by the Supreme Court of Texas" in *Simons*); *see also Cervantes*, 521 S.W.3d at 396 n.2.

Finally, Parra argues that a fact issue exists concerning ownership of the car she was driving, and therefore we should defer to the trial court's implied finding on this disputed factual issue. *See Worsdale*, 578 S.W.3d at 66 (stating that, when jurisdictional issue is not intertwined with merits of claim, trial court resolves factual disputes and reviewing court should defer to trial court's express or implied findings that are supported by evidence). Parra relies on *Oswalt v. Hale County* to support her argument. *See* No. 07-21-00050-CV, 2022 WL 93613 (Tex. App.—Amarillo Jan. 10, 2022, no pet.) (mem. op.).

In *Oswalt*, the Oswalt family was towing a trailer behind their car when a county sheriff's deputy rear-ended the trailer and damaged it. *Id.* at *1. At the time, the Oswalts had purchased the trailer but had not completed registering it in their name. *Id.* A police report completed after the accident reflected that a third-party owned the trailer. *Id.* The Oswalts sued the county, and the county filed a plea to the jurisdiction based on lack of notice that the Oswalts owned the trailer and therefore sustained damage to their property as they claimed. *Id.*

23

In response to the plea, the Oswalts introduced evidence showing that they owned the trailer despite the representation in the police report that it was owned by a third-party. *Id.* at *5. In deposition testimony, the sheriff's deputy involved in the accident testified that he caused damage to the Oswalts' property. *Id.* There was also evidence that one of the Oswalts stated at the scene of the accident that he had attempted to register the trailer. *Id.* The *Oswalt* court concluded that these statements were sufficient indicia of the Oswalts' ownership of the trailer to put the county on notice that the Oswalts owned the trailer, thereby putting the issue of the trailer's ownership into dispute. *Id.* Because a fact dispute existed, the court affirmed the trial court's denial of the county's plea on the Oswalts' claim for property damage. *Id.*

Unlike in *Oswalt*, Parra did not present any evidence of her ownership of the car. For example, she did not present any evidence that she had recently purchased the car she was driving but had not completed its registration in her name or that she told the investigating officer or the bus driver that she owned the car. There is no evidence controverting the police report. *See Tenorio*, 543 S.W.3d at 776 (stating that whether governmental unit has actual notice is question of law when evidence is undisputed); *see also Worsdale*, 578 S.W.3d at 66 (stating that actual notice can often be determined as matter of law, even "when subjective awareness must be proved, if at all, by circumstantial evidence") (quoting *Simons*, 140 S.W.3d at 348). We conclude that the undisputed jurisdictional evidence does not raise a fact issue

24

on whether Parra owned the car she was driving and thus whether her property was damaged in the accident.

In sum, the undisputed jurisdictional evidence establishes as a matter of law that Cy-Fair ISD did not receive notice of Parra's claims of personal injury and property damage as required by TTCA section 101.101. Therefore, we hold that Cy-Fair ISD retained its governmental immunity from suit and the trial court consequently lacked subject-matter jurisdiction over the case. We sustain Cy-Fair ISD's sole issue.

## Conclusion

We reverse the trial court's interlocutory order denying the plea to the jurisdiction, and we render judgment granting Cy-Fair ISD's plea to the jurisdiction and dismissing the case for want of jurisdiction.


April L. Farris
Justice

Panel consists of Justices Hightower, Rivas-Molloy, and Farris.